**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MILLICENT HINDS,<br><br>Plaintiff,<br><br>v.<br><br>SUN PHARMACEUTICAL INDUSTRIES,<br><br>Defendant. | Civil Action No. 25-15474 (RK) (JTQ)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Millicent Hinds's ("Plaintiff") application to proceed *in forma pauperis*, ("IFP," ECF No. 1-2), together with Plaintiff's Complaint against Sun Pharmaceutical Industries ("Defendant"), ("Compl.," ECF No. 1). For the reasons set forth below, Plaintiff's application to proceed IFP is **GRANTED**, and the Complaint is **DISMISSED** without prejudice.

## I. BACKGROUND[1]

Plaintiff brings New Jersey Consumer Fraud Act ("NJCFA") and failure-to-warn claims in connection with injuries she allegedly suffered after ingesting "Defendant['s] pharmaceutical drug" Sulfamethoxazole/Trimethoprim (brand name Bactrim) (hereinafter, "Bactrim"). (Compl. ¶¶ 6, 15.) Plaintiff originated this action in federal court, alleging only claims arising under state law. To support this Court's jurisdiction over her case, Plaintiff alleges that "[t]his is an action in excess of FIFTY THOUSAND DOLLARS ($50,000.00)." (*Id.* ¶ 2.) She asserts that Defendant

[1] The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

has a principal place of business in Princeton, New Jersey, but does not plead Defendant's state of incorporation. (*Id.* ¶ 3.) Plaintiff also does not identify where she is domiciled. She includes only a Florida address in her signature block. (*Id.* at 8.)

On August 31, 2023, Plaintiff alleges that she was treated for an infection at Cano Health in Miami Shores, Florida. (*Id.* ¶ 5.) The doctor prescribed Plaintiff Bactrim. (*Id.*) After taking the medication as prescribed, Plaintiff allegedly began "shaking involuntarily, speaking gibberish[,] and then stopped talking, and was no longer lucid." (*Id.* ¶ 7.) Plaintiff's daughter called Cano Health and was allegedly told to wait to go to the hospital and, instead, to give her mother Benadryl to counter a suspected allergic reaction to the Bactrim. (*Id.* ¶¶ 9–10.) Plaintiff claims that her daughter telephoned paramedics the next day to take her mother to the hospital because her mother was showing no signs of improvement. (*Id.* ¶ 11.) On September 11, 2023, paramedics transported Plaintiff to Jackson North Medical Center in Miami Beach, Florida, where she was hospitalized until September 21, 2023. (*Id.* ¶¶ 12–13.)

Plaintiff claims that as a result of ingesting Bactrim she has suffered atrial fibrillation, requiring her to take blood thinners for the rest of her life, organ failure, acute kidney injury, fever, bacteremia, hypophosphatemia, bilateral lower extremity edema, altered mental status, sepsis, loss of appetite, nausea, joint pain, muscle weakness, and a rash that has discolored her skin for two years. (*Id.* ¶¶ 14–15.) Plaintiff also alleges that she continues to suffer "serious and significant neurological disability" and has been diagnosed with "cognitive decline" and "dementia," which "rob[] her of her joy, enjoyment of life, clarity, concentration, focus, peace of mind[,] and sense of well being." (*Id.* ¶¶ 16, 18, 24.) Plaintiff asserts that after ingesting Bactrim and experiencing its alleged effects, she was "a shut in and bedridden" from September 21, 2023, to February 1,

2025. (*Id.* ¶ 20.) As relief for her claims, Plaintiff seeks damages and a permanent injunction, enjoining Defendant from engaging in future "unfair and deceptive trade practices." (*Id.* ¶¶ 42−44.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), a district court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (emphasis omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)), § 1915(e) empowers district courts to dismiss an IFP complaint that "is frivolous or malicious" or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e).

A district court engages in "a two-step analysis" when considering a complaint filed with an IFP application: (1) under § 1915(a), the court determines whether the plaintiff is eligible to proceed without prepaying the civil filing fee, and (2) under § 1915(e), the court determines "whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *1–2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). Courts may address these two questions "in either order or even simultaneously." *Karupaiyan v. Wipro Ltd.*, No. 23-2424, 2025 WL 89076, at *3 n.9 (3d Cir. Jan. 14, 2025) (quoting *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc)).

## III. DISCUSSION

### A. *In Forma Pauperis* Application

Section 1915(a) requires a plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the

[plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)), *aff'd on other grounds*, 586 F. App'x 899 (3d Cir. 2014).

Plaintiff details in her IFP application that she receives a combined total of $1,785 per month from retirement payments and employment. (IFP at 1–2.) Additionally, she has $10 in her checking account. (*Id.* at 2.) Plaintiff states that her monthly expenses total $1,700, consisting of $1,400 for rent and $300 for food. (*Id.* at 4.) Plaintiff's monthly expenses exceed her monthly income by about $85. Accordingly, the Court is satisfied that plaintiff is unable to pay the filing fee, and her IFP application is **GRANTED**. *See Huertas v. Marvel & Maloney*, 255 F. App'x 613, 614 (3d Cir. 2007) (per curiam) (granting IFP where monthly expenses were "approximately equal" to monthly income).

### B. SCREENING OF THE COMPLAINT

The Court must now assess whether Plaintiff's Complaint is frivolous or has otherwise failed to state a claim under § 1915(e). For the following reasons, the Court will dismiss the Complaint without prejudice.

#### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, Plaintiff has failed to allege diversity jurisdiction on the face of her Complaint. "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting § 1332(a)(1)).

Plaintiff has not adequately alleged that she and Defendant are citizens of different states. "In a diversity action, the complaint must set forth the citizenship of each party such that the existence of complete diversity can be confirmed from the face of the complaint." *Smith v. Wildwood Linen*, No. 09-6512, 2010 WL 2674503, at *2 (D.N.J. June 30, 2010) (citing *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F .3d 210, 222 n. 13 (3d Cir. 1999)). The Complaint is deficient in two respects regarding the parties' citizenship. First, Plaintiff does not identify where she is domiciled. A domicile is "an individual's true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Frett-Smith v. Vanterpool*, 511 F.3d 396, 400–01 (3d Cir. 2008). "[D]omicile is established by a party's physical presence in a state with an intent to remain there indefinitely." *Id*. Plaintiff's inclusion of a Miami, Florida address in the Complaint's signature block is insufficient to plead her domicile. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity.").

Second, Plaintiff has failed to adequately allege Defendant's citizenship. "A corporation's citizenship for diversity jurisdiction purposes is its state of incorporation and also its principal place of business." *Marino v. Brighton Gardens of Mountainside*, 697 F. Supp. 3d. 224, 228 (D.N.J. 2023) (citing *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 24 (3d Cir. 2018)); *see also Tungsten Heavy Powder & Parts, Inc. v. Glob. Tungsten & Powders Corp.*, No. 17-01948, 2018 WL 656033, at *3 (M.D. Pa. Feb. 1, 2018) ("If a party is a corporation, however, a plaintiff must allege both the corporation's state of incorporation and its principal place of business in order to properly plead diversity jurisdiction."). Plaintiff alleges only Defendant's principal place of business, but she must also provide Defendant's state of incorporation.

Plaintiff also fails to sufficiently allege § 1332's amount-in-controversy requirement. "The amount in controversy is generally decided from the face of the complaint." *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). Here, Plaintiff pleads that "[t]his is an action in excess of $50,000." (Compl. ¶ 2.) This boilerplate allegation is insufficient to establish that the amount in controversy exceeds $75,000. *Huberman v. Interval Leisure Grp., Inc.*, No. 15-1560, 2015 WL 2365585, at *2 (E.D. Pa. May 18, 2015) ("Numerous decisions from this District have held that complaints similar to the one at issue here, which allege physical injuries and demand damages 'in excess of $50,000,' are legally insufficient to allow a defendant to conclude that the amount in controversy exceeds $75,000." (collecting cases)); *see also Tannenbaum v. Brink*, 119 F. Supp. 2d 505, 509 (E.D. Pa. 2000) (reasoning that the plaintiffs' allegation that the amount in controversy "exceeds $50,000" is "obviously . . . insufficient to meet the amount in controversy requirement under § 1332" because Congress increased § 1332's amount in controversy requirement from $50,000 to $75,000 in 1996); *Rossi v. Neumayr*, No. 3:20-CV-00844, 2020 WL 6710428, at *2 (M.D. Pa. Nov. 16, 2020) (finding that the plaintiff's allegation that his compensatory damages are "in excess of $50,000" "proves nothing about the actual amount in controversy because such a demand . . . amounts to little more than boilerplate" (internal quotation marks omitted)).

Accordingly, the Court dismisses the Complaint without prejudice for failure to adequately plead the Court's basis for subject matter jurisdiction.

2. Standing

The Court alternatively dismisses without prejudice Plaintiff's NJCFA claim for lack of standing. "A plaintiff may bring state law consumer protection claims only under the law of the state where [s]he lived and the alleged injury occurred." *Rose v. Ferrari N. Am., Inc.*, No. 21-20772, 2024 WL 1209185, at *6 (D.N.J. Mar. 20, 2024) (cleaned up); *Piller v. JPMorgan Chase Bank*, No. 20-2248, 2020 WL 8186165, at *2 (D.N.J. Oct. 23, 2020) (same); *see also Cooper v.*

*Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 255 (3d Cir. 2010) ("[The plaintiff], who purchased the television in his home state of Arizona, is not entitled to sue under the New Jersey consumer fraud statute."); S*tevens v. TD Bank, N.A.*, No. 24-8311, 2025 WL 1779164, at *7 (D.N.J. June 27, 2025) (dismissing the "plaintiffs' claims under New Jersey law, emphasizing that the plaintiffs lacked standing to assert claims under the laws of states where they neither resided nor suffered injury"). Plaintiff is purportedly a Florida resident, (Compl. at 8), ingested Bactrim in Florida, and suffered her alleged injuries there, (*id*. ¶¶ 5, 12). Thus, she lacks standing to pursue claims under the NJCFA and Count I is dismissed without prejudice.

3. Rule 9(b) Heightened Pleading

Even if Plaintiff had standing to pursue her NJCFA claim, which she does not, she has failed to plead her NJCFA claim with the requisite particularity under Federal Rule of Civil Procedure ("Rule") 9(b). The NJCFA requires a plaintiff to establish that a defendant engaged in "affirmative acts, knowing omissions, [or] regulation violations" that "caused an ascertainable loss to the plaintiff." *Coba v. Ford Motor Co.*, 932 F.3d 114, 124 (3d Cir. 2019). "Consumer fraud claims are subject to the heightened pleading standards of Rule 9(b) . . . ." *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 710 (D.N.J. 2011). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To meet the standard set by Rule 9(b), a complaint must "describe the time, place, and contents of the false representations or omissions." *City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.*, 70 F.4th 668, 680 (3d Cir. 2023).

Plaintiff's allegations have failed to satisfy Rule 9(b)'s heightened pleading standard. Apart from conclusory allegations that Defendant "misrepresent[ed]" its drug as "safe and effective," (Compl. ¶ 29), the Complaint is devoid of the factual support necessary to meet the heightened

standard set forth by Rule 9(b). Indeed, Plaintiff alleges that, "[c]ontrary to its marketing," Defendant's drug is a "harsh product with dangerous potential side effects, including death," (*id.* ¶ 32), but she fails to plead what, in fact, Defendant has marketed regarding Bactrim and its alleged side effects, *see Palmieri v. Intervet Inc.*, No. 19-22024, 2025 WL 1811271, at *11 (D.N.J. June 30, 2025) (collecting cases and dismissing NJCFA claim where the plaintiff failed to "identify the content" of the defendant's alleged misrepresentations of a medication's side effects).

Although a "slightly more relaxed burden" applies to fraud by omission claims, Plaintiff challenges only alleged misrepresentations by Defendant, not omissions. *In re U.S. Vision Data Breach Litig.*, 732 F. Supp. 3d 369, 379 (D.N.J. 2024); *see id.* (explaining that "slightly relaxed standard" applies given inherent challenges in specifying an omission's time, place, and content); *Carson v. HP Inc.*, 750 F. Supp. 3d 376, 393–94 (D. Del. 2024) (collecting cases recognizing "relaxed" Rule 9(b) standard applicable to claims based on fraudulent omissions). Moreover, even under a "relaxed" standard, Plaintiff's allegations are still too conclusory to suffice. *See Bullard v. Jaguar Land Rover Auto. PLC*, No. 20-14464, 2023 WL 4845873, at *12 (D.N.J. July 28, 2023) ("A plaintiff can carry his Rule 9(b) burden to plead consumer fraud by omission through allegations showing that a manufacturer knew of a defect in its product prior to the plaintiff's purchase and concealed it from consumers." (quoting *Yagudayev v. BMW of N. Am., LLC*, No. 20-897, 2020 WL 6689799, at *8 (D.N.J. Nov. 13, 2020))); *Carson*, 750 F. Supp. 3d at 394 (explaining that, even under "relaxed" standard, a plaintiff must still "plead the 'who, what, when, where, and how,' in order to satisfy Rule 9(b)).

For these alternative reasons, the Court dismisses without prejudice Plaintiff's NJCFA claim.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, (ECF No. 1-2), and the Complaint, (ECF No. 1), is **DISMISSED** without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2026